# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**REBECCA EPLING,**
**Claimant Below, Petitioner**

**vs.)**    **No. 20-0941** (BOR Appeal No. 2055361)
                    (Claim No. 2018017266)

**CHANCELLOR HEALTH PARTNERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Regina Epling, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Chancellor Health Partners, Inc., by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 4% permanent partial disability award on September 18, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its June 8, 2020, Order. The Order was affirmed by the Board of Review on October 27, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Epling, an LPN, injured her back in the course of her employment. Ms. Epling suffered from preexisting lumbar spine conditions. A lumbar MRI performed on May 13, 2014, showed severe central canal stenosis and bilateral neural foraminal stenosis at L4-5 with disc bulging and degeneration. On June 4, 2014, Ms. Epling sought treatment from John Schmidt III, M.D., for low back pain that radiated into her legs. Dr. Schmidt diagnosed acquired spondylolisthesis and lumbar spinal stenosis and recommended treatment at a pain clinic. Ms. Epling was treated by Andrew Thymius, M.D., on July 23, 2014, for pain management. Dr. Thymius reviewed diagnostic imaging and opined that Ms. Epling's axial loading of the facet joints had worsened. He recommended lumbar facet nerve blocks. Lumbar x-rays performed on September 30, 2016, revealed grade 1 anterolisthesis of L4 on 5, posterior facet joint degenerative changes from L3-4 to S1, mild neural foraminal narrowing at L5-S1, and intervertebral disc space narrowing from L3-S1 varying from mild to severe.

On the day of her compensable injury, Ms. Epling was helping a patient to sit up in bed when she felt pain in her lower back. The Employees' and Physicians' Report of Injury, completed that day, indicates Ms. Epling was diagnosed with lumbar sprain. The claim was held compensable for lumbar sprain on January 31, 2018. On February 11, 2018, a lumbar MRI showed grade 1 spondylolisthesis of L4 on L5; narrowed disc space height; and severe central canal stenosis, neural foramen stenosis, and disc bulging at L4-5. A February 1, 2018, treatment note from Appalachian Regional Healthcare indicates Ms. Epling was to be referred to Dr. March due to progressive neuropathy. Ms. Epling underwent a thoracic spine MRI on February 25, 2018, which showed no acute findings.

Ms. Epling returned to Dr. Schmidt on March 12, 2018, and he diagnosed grade 1 spondylolisthesis at L4-5 causing severe central stenosis and neural foraminal stenosis. Dr. Schmidt concluded that Ms. Epling suffers from chronic low back pain and radiculopathy secondary to L4-5 spondylolisthesis. On April 9, 2018, Ms. Epling was treated at Appalachian Regional Healthcare for numbness in both legs and a feeling that they would give away. Physical therapy and a home exercise program were recommended. A June 10, 2018, report from VocWorks indicates Ms. Epling was determined to not be a surgical candidate by a neurosurgeon. Instead, injections were recommended, and Ms. Epling was released to return to work.

On June 12, 2018, the claims administrator withheld authorization of the addition of lumbar spinal stenosis, lumbar radiculopathy, and abnormal gait to the claim. Michael Kominsky, D.C., performed EMG/NCV testing on June 27, 2018, and interpreted the results as showing moderately active bilateral L5 radiculopathy as well as S1 radiculopathy. There was evidence of an underlying sensorimotor peripheral polyneuropathy.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on July 3, 2018, in which he assessed 7% impairment due to range of motion loss. He then apportioned 3% of the impairment for noncompensable degenerative spondyloarthropathy, leaving 4% for the compensable injury. In a July 16, 2018, supplement to his evaluation, Dr. Mukkamala stated that he was provided with Dr. Kominsky's EMG report. He disagreed with Dr. Kominsky's interpretation of the results. Dr. Mukkamala found no clinical evidence of active radiculopathy. He noted that both he and Dr. Schmidt found normal bilateral strength. On examination, Dr. Mukkamala also found no motor deficit.

On August 8, 2018, Ms. Epling reported to Matthew Haag, D.O., that lumbar spine injections were ineffective. On August 24, 2018, the claims administrator withheld authorization of a lumbar interbody fusion at L4-5 until a second opinion was obtained. The claims administrator granted a 4% permanent partial disability award on September 18, 2018. The claims administrator denied authorization for posterior lumbar interbody fusion at L4-5 on November 20, 2018.

Bruce Guberman, M.D., performed an Independent Medical Evaluation on June 24, 2019, in which he assessed 10% impairment due to range of motion loss and 5% impairment under Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed, 1993) for a total of 15% impairment. Dr. Guberman then placed Ms. Epling in Lumbar Category II from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 8%.

The Office of Judges affirmed the claims administrator's grant of a 4% permanent partial disability award in its June 8, 2020, Order. It found that Dr. Mukkamala's report was the most reliable assessment of Ms. Epling's impairment. Two physicians of record examined Ms. Epling and assessed her impairment, Dr. Mukkamala and Dr. Guberman. Dr. Mukkamala concluded that Ms. Epling suffered from preexisting degenerative lumbar spine conditions which require apportionment of the impairment rating. Dr. Mukkamala found that Ms. Epling has 7% impairment and apportioned 3% for the preexisting noncompensable degenerative spondyloarthropathy. Dr. Guberman found a similar impairment rating, 8%, but declined to apportion the impairment. He stated that though Ms. Epling has evidence of preexisting degenerative changes in imaging studies, she would not have received an impairment for such condition prior to the compensable injury. He also stated that there is no medically objective way to calculate an impairment rating prior to the compensable injury. The Office of Judges concluded that the AMA *Guides* allow for the estimate of preexisting impairment so long as such estimate is made based on accurate historical information.

Dr. Mukkamala's apportionment of 3% impairment was found to be reliable and supported by the evidentiary record. MRIs taken of the lumbar spine prior to the compensable injury showed severe central canal stenosis, bilateral neural foramina stenosis, and disc bulging at L4-5, as well

as disc degeneration. Dr. Thymius recommended lumbar facet nerve blocks in July of 2014. In June of 2015, Dr. Schmidt, a neurosurgeon, diagnosed acquired spondylolisthesis and spinal stenosis of the lumbar spine. The Office of Judges found that following the compensable injury, Ms. Epling underwent an MRI and was again seen by Dr. Schmidt. He diagnosed chronic low back pain and radiculopathy secondary to the previously diagnosed L4-5 spondylolisthesis. The Office of Judges concluded that the record shows that Ms. Epling's preexisting condition contributes to her impairment. Prior to the work-related injury, Ms. Epling reported pain with movement on range of motion testing by Dr. Schmidt. Dr. Mukkamala's report was determined to be the most reliable and accurate assessment of Ms. Epling's impairment. The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed its Order on October 27, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence indicates that Ms. Epling's impairment rating should be apportioned for her preexisting lumbar spine conditions. Ms. Epling's preinjury imaging and treatment records support Dr. Mukkamala's apportionment and impairment rating. Dr. Guberman's report was unreliable because he failed to apportion for the preexisting lumbar spine conditions.

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment